BRUNOT, J.
 

 This is a suit for $3,487.99, alleged to be due the plaintiff as royalties for sand and gravel taken from the bed of Bayou Dorcheat, and adjacent lands, during the years 1925 and 1926. The prayer of the petition is for a judgment, in solido, against the three defendants. The district court rejected the plaintiff’s demands and dismissed its suit. The appeal is from that judgment.
 

 The plaintiff was operating under permits from the state, and was engaged in the business of taking sand and gravel from the bed of Bayou Dorcheat and its connecting lagoons. It sold its entire plant, consisting of machinery, equipment, railroad, cars, and its permit from the state, to W. L. Morgan, D. W. Bird, J. X. Snyder, M. M. Morelock, and S. B. Herold, for $100,000 of which sum $25,-000 was paid in cash, and for the balance the vendees executed their three promissory notes for $25,000 each, payable, respectively, in one, two, and three years after date, with 6 per cent, per annum interest from date.
 

 There were other considerations for the sale. The suit is based upon one of them. We therefore quote it:
 

 “And the other and further consideration that the vendees herein and their assigns shall pay to the Dorcheat Gravel Co. Inc. a royalty, of five (5) cents per cubic yard for all sand and gravel sold, shipped or stored for sale from the bed of said stream or lands contiguous thereto, under transfers above stated. Payments to be made to said Company at the end of each month.”
 

 The five vendees named in the deed and T. G. Roberts were holders and owners of tne capital stock of the Morgan & Bird Gravel Company, Inc., of which T. G. Roberts was president. This company, immediately upon the purchase of the aforesaid property from the Dorcheat Gravel Company, Inc., took over the operation of the plant, with the full knowledge of the plaintiff, and from that time to the date demand was made upon the defendants, which demand preceded the filing of „ this suit only a few days, all dealings of the Dorcheat Gravel Company, Inc., concerning the royalty to be paid that company were had directly with the Morgan
 
 &
 
 Bird Gravel Company, Inc., until it went into .the hands of a receiver, and, thereafter, with the receiver, so long as the business was conducted as a going concern under his administration.
 

 The deed by which the defendants and their copurchasers, who are not joined as defendants in this suit, acquired the property of the Dorcheat Gravel Company, Inc., was executed on June 25, 1923. By an act of mortgage dated February 8, 1924, and recorded in the mortgage office, it is shown that the defendants and their copurchasers purchased the plaintiff’s property for the Morgan & Bird Gravel Company, Inc., and the said company granted them a mortgage upon the property for the full amount of the purchase price thereof.
 

 It is also shown that this mortgage was executed and recorded more than one year before the royalties the plaintiff is seeking to recover in this suit began to accrue.
 

 The defendants excepted to the petition as not disclosing a right or cause of action, and, reserving the benefit of these exceptions, they pleaded the following defenses to the suit: (1) That the property was acquired by. them
 
 *643
 
 for the Morgan & Bird Gravel Company, Inc.,, and in support of this defense they have offer-) ed a copy of the. act of mortgage granted by, that company to them and their copurehasers, dated February 8, 1924; (2) that all dealings with respect to the obligations of the contract, of sale were had by the plaintiff company' with the Morgan & Bird Gravel Company, Inc., and that no claim of any liability on' their part for the payment of the royalty provided for in the sale was made upon them prior to the plaintiff’s demand which preceded by a few days the filing of this suit.
 

 This defense is abundantly supported by the oral and documentary evidence in the case. (3) That under the terms of the act of sale the plaintiff’s vendees were not obligated to take sand and gravel from the bed of Bayou Dorcheat and adjacent lands. It is shown that the permit from the state' to take sand and gravel from the stream would expire in six months for nonuse, but a reading of the contract leaves no doubt in our minds that the exercise of the right granted in the permit was optional with the holder of that permit, and, as it is shown that the defendants took no gravel or sand under the permit and were not engaged in the gravel and sand business to any greater extent than as mere holders of stock in a corporation that was so engaged, they cannot be held for that corporation’s act.
 

 We think this defense has merit, and that it should, be sustained. It is in accord with Saunders v. Busch-Everett Co., 138 La. 1050, 71 So. 153. (See the court’s syllabus.)
 

 As the foregoing conclusions dispose of the case, it is .not.neeessary to consider any other issue raised by the pleadings.
 

 For the- reasohs stated, the judgment appealed from is affirmed at the appellant’s cost.'